UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

Martin Rosado Rivas,

                *Plaintiff*,

    -*against*-

BX Parking LLC, Shree Deshmukh, as an individual,
Yantzi D. Adames, as an individual,

                *Defendants*.

---------------------------------------------------------------------X

Index No.: 1:21-cv-04316

**AMENDED ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants BX Parking LLC (the "Corporate Defendant"), and Yantzi D. Adames (together, the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their amended answer and affirmative defenses to the Complaint, filed on May 13, 2021 (the "Complaint") of Plaintiff Martin Rosado Rivas (the "Plaintiff"), hereby admit, deny and allege as follows:

## NATURE OF THE ACTION

1. The allegations contained in paragraph "1" of the Complaint set forth legal conclusions for which no response is required.

## JURISDICTION

2. The allegations contained in paragraph "2" of the Complaint set forth legal conclusions for which no response is required.

3. The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required.

4. The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required.

## VENUE

5. The allegations contained in paragraph "5" of the Complaint set forth legal conclusions for which no response is required.

## FACTS

**Plaintiff**

6. Defendants admit the allegations contained in paragraph "6" of the Complaint to the extent that the Corporate Defendant employed Plaintiff. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph "6"of the Complaint.

7. Defendants admit the allegations contained in paragraph "7" of the Complaint.

8. The allegations contained in paragraph "8" of the Complaint set forth legal conclusions for which no response is required.

9. The allegations contained in paragraph "9" of the Complaint set forth legal conclusions for which no response is required.

10. The allegations contained in paragraph "10" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "10" of the Complaint.

11. Defendants deny the allegations contained in paragraph "11" of the Complaint.

12. Defendants deny the allegations contained in paragraph "12" of the Complaint.

13. Defendants deny the allegations contained in paragraph "13" of the Complaint.

14. The allegations contained in paragraph "14" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "14" of the Complaint.

15. The allegations contained in paragraph "15" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants admit the allegations contained in paragraph "15" of the Complaint to the extent that the Corporate Defendant employed Plaintiff.

**Defendants**

16. Defendants admit the allegations contained in paragraph "16" of the Complaint.

17. The allegations contained in paragraph "17" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "17" of the Complaint.

18. The allegations contained in paragraph "18" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants admit the allegations contained in paragraph "18" of the Complaint to the extent that the Corporate Defendant employed Plaintiff. Defendants deny the remainder of the allegations contained in paragraph "18" of the Complaint.

19. Defendants admit the allegations contained in paragraph "19" of the Complaint.

20. The allegations contained in paragraph "20" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. The allegations contained in paragraph "21" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "21" of the Complaint.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

22. The allegations contained in paragraph "22" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "22" of the Complaint.

## DEFENDANTS' FAILURE TO PAY OVERTIME PAY

23. The allegations contained in paragraph "23" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "23" of the Complaint.

## DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

24. The allegations contained in paragraph "24" of the Complaint set forth legal conclusions for which no response is required.

25. The allegations contained in paragraph "25" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. The allegations contained in paragraph "26" of the Complaint set forth legal conclusions for which no response is required.

27. The allegations contained in paragraph "27" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "27" of the Complaint.

## SPREAD OF HOURS' PAY

28. The allegations contained in paragraph "28" of the Complaint set forth legal conclusions for which no response is required.

29. The allegations contained in paragraph "29" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "29" of the Complaint.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages)

30. No response is required to the statement set forth in paragraph "30" of the Complaint.

31. The allegations contained in paragraph "31" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants admit the allegations contained in paragraph "31" of the Complaint to the extent that the Corporate Defendant employed Plaintiff. Defendants deny the remainder of the allegations contained in paragraph "31" of the Complaint.

32. The allegations contained in paragraph "32" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants admit the allegations contained in paragraph "32" of the Complaint to the extent that the Corporate Defendant employed Plaintiff. Defendants deny the remainder of the allegations contained in paragraph "32" of the Complaint.

33. The allegations contained in paragraph "33" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "33" of the Complaint.

34. The allegations contained in paragraph "34" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "34" of the Complaint.

35. The allegations contained in paragraph "35" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. The allegations contained in paragraph "36" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "36" of the Complaint.

37. The allegations contained in paragraph "37" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "37" of the Complaint.

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Minimum Wages)**

38. No response is required to the statement set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. The allegations contained in paragraph "40" of the Complaint set forth legal conclusions for which no response is required. To the extent that a response is required, Defendants admit the allegations contained in paragraph "40" of the Complaint to the extent that the Corporate Defendant employed Plaintiff. Defendants deny the remainder of the allegations contained in paragraph "40" of the Complaint.

41. The allegations contained in paragraph "41" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. The allegations contained in paragraph "42" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. The allegations contained in paragraph "43" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "43" of the Complaint.

**THIRD CAUSE OF ACTION**
**(FLSA – Overtime)**

44. No response is required to the statement set forth in paragraph "44" of the Complaint.

45. The allegations contained in paragraph "45" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "45" of the Complaint.

46. The allegations contained in paragraph "46" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "46" of the Complaint.

47. The allegations contained in paragraph "47" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "47" of the Complaint.

48. The allegations contained in paragraph "48" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "48" of the Complaint.

49. The allegations contained in paragraph "49" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "49" of the Complaint.

## FOURTH CAUSE OF ACTION
## (NYLL – Overtime)

50. No response is required to the statement set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Complaint.

52. The allegations contained in paragraph "52" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "52" of the Complaint.

53. The allegations contained in paragraph "53" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "53" of the Complaint.

54. The allegations contained in paragraph "54" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "54" of the Complaint.

## FIFTH CAUSE OF ACTION
## (NYLL – Failure to Provide Wage Notices)

55. No response is required to the statement set forth in paragraph "55" of the Complaint.

56. The allegations contained in paragraph "56" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "56" of the Complaint.

57. The allegations contained in paragraph "57" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "57" of the Complaint.

58. The allegations contained in paragraph "58" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "58" of the Complaint.

**SIXTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

59. No response is required to the statement set forth in paragraph "59" of the Complaint.

60. The allegations contained in paragraph "60" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "60" of the Complaint.

61. The allegations contained in paragraph "61" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "61" of the Complaint.

62. The allegations contained in paragraph "62" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "62" of the Complaint.

**SEVENTH CAUSE OF ACTION**
**(Spread of Hours' Pay)**

63. No response is required to the statement set forth in paragraph "63" of the Complaint.

64. Defendants deny the allegations contained in paragraph "64" of the Complaint.

65. The allegations contained in paragraph "65" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "65" of the Complaint.

66. The allegations contained in paragraph "66" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "66" of the Complaint.

## PRAYER FOR RELIEF

67. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

68. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who Plaintiff purports to represent, or to whom he purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

69. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part by applicable statutes of limitation under 29 U.S.C. § 255, and NYLL §§ 198(3), 663(3).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off and/or estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part because Plaintiff has not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part because the Complaint is uncertain in that the purported class definitions are ambiguous and conclusory.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

73. If Defendants are found to have failed to pay Plaintiffs and any putative member of the classes whom Plaintiff purports to represent any wages owed, which Defendants expressly deny, Defendants nevertheless acted at all times on the basis of a good faith and reasonable belief that they had complied fully with all applicable laws and had no actual or constructive notice of any violation. The actions taken or omitted by Defendants were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and the New York State Department of Labor.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part to the extent injunctive and/or other equitable relief is sought, because all have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of Defendants. Payment to any Plaintiff for any wages due (which Defendants expressly deny are due) would fully compensate them and make them whole, belying the propriety of any non-economic relief.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

75. To the extent Plaintiffs and members of the putative classes whom Plaintiff purports to represent suffered injury, which Defendants expressly deny, subject to proof through discovery, any such injury is the result of acts or omissions of such individuals, and not any act or omission of Defendants.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

76. Plaintiff is not entitled to certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the purported class is not ascertainable and also not so numerous that joinder of its members is impracticable, Plaintiff cannot satisfy the requirement of superiority, questions of law or fact are not common to the class, Plaintiff's claims are not typical of the claims or defenses of the purported class, Plaintiff will not fairly and adequately protect the interests of the class, Plaintiff's interest conflict with those of putative class members, and/or the requirements of Fed.R.Civ.Pro. 23(b) are not met in this case.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

77. Plaintiff is not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiff and the purported class members he seeks to represent are not similarly situated to one another, Plaintiff's claims require individualized inquiries, and/or proof of damages would require separate trials.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

78. Plaintiff is an inadequate and atypical representative of the classes Plaintiff purports to represent and their interests are in conflict with those of the individuals Plaintiff seeks to represent.

### AS AND FOR A TELFTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred in whole or in part because they were paid the requisite wages for all work performed and provided the requisite notices and wage statements for work performed.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or postliminary to their alleged work activities.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred in whole or in part to the extent Defendants lacked actual or constructive knowledge of the hours allegedly worked.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred, in whole or in part, because: (a) Defendants took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventative and corrective measures that Defendants provided; and (c) reasonable use of Defendants' procedures would have prevented at least some of the harm that Plaintiff allegedly, suffered, if any.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

84. If Defendants' failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is not admitted, none of Defendants' acts or omissions constitute willful violation of the FLSA or NYLL.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

85. If Defendants' alleged failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is not admitted, neither Plaintiff nor members of the putative classes they seek to represent can demonstrate facts sufficient to warrant an award of liquidated damages.

**AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE**

86. Any failure to pay wages, provide notice and wage statements or maintain records required by the FLSA and/or NYLL to Plaintiff or members of the putative classes Plaintiff purports to represent is attributable to a bona fide dispute with respect to their entitlement to payment.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

87. To the extent that Plaintiff, and members of the putative classes whom Plaintiff purports to represent, were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

**AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE**

88. Assuming *arguendo*, Defendants violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

89. Supplemental or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claims.

## AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE

90. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and any limitations period established by New York state law, such claims of Plaintiff are barred. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the Complaint.

## AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE

91. Defendants are relieved of any liability for Plaintiff's wage claim to the extent that the claims are premised upon traveling to and from the actual place of performance, activities which are preliminary and/or post-liminary to the alleged principal activity of employment because such activities were not compensable by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. 254.

## AS AND FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE

92. Claimant's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or Connecticut law.

## RESERVATION OF RIGHTS

93. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

94. Defendants reserve the right to assert claims against Plaintiff arising out of Plaintiff's acts of theft.

**WHEREFORE**, Defendants demand judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which he prays on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: July 14, 2021
      New York, New York

By:   /s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0046
Facsimile: (646) 786-3170
Email: Joshua@levinepstein.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021, I electronically filed the foregoing Amended Answer with Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

> Raymond Nardo, P.C.
> Raymond Nardo
> 129 Third Street
> Mineola, NY 11501
> *Attorneys for Plaintiff*

/s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.