UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Martin Rosado Rivas,<br><br>         Plaintiff,<br><br> --against—<br><br>BX Parking LLC, Shree Deshmukh, as an individual, Yantzi D. Adames, as an individual, | **REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN** |

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on **APRIL 26, 2022,** and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

 1. **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:** Plaintiff's duties were to park cars for Defendants. He worked 11 hours per day, 7 days per week, for a total of 77 hours. He was paid a flat fee ranging from $560 to $700 per week. Under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Defendants owe Plaintiff unpaid minimum wage, overtime, and spread of hours pay, along with Wage Theft Prevention Act ("WTPA") damages. Defendants will also owe Plaintiff liquidated damages and counsel fees.

In addition, after filing the instant lawsuit, Defendants terminated Plaintiff, in violation of the FLSA and NYLL. Plaintiff will claim backpay and related damages for the retaliatory termination.

 **Defendant:**

 Between July 13, 2021 and July 29, 2021, Defendants produced over 170 individual pages of, *inter alia*, Plaintiff's **signed** payroll records and time records. The document production reflects that Plaintiff's allegation of a 77-hour workweek, spanning ten (11) years, is grossly exaggerated.

 Plaintiff wrongfully alleges he was paid on a flat salary basis, and grossly inflates his weekly pay and hours worked. In reality, the payroll records and time records reflect that Plaintiff was paid above the

prevailing minimum wages[1] for each year he worked for Defendants, and worked an average of forty (40) hours each week.

In addition to the payroll and time records, Defendants' produced financial disclosures (*to wit:* tax returns and bank statements) that reflect a business teetering on the verge of bankruptcy.

2. **Basis of Subject Matter Jurisdiction:** Federal question jurisdiction arising under 29 U.S.C. § 201, et. seq. and supplemental jurisdiction over NYS claims.

3. **Subjects on Which Discovery May Be Needed**

Plaintiff:

Defendants' payroll and time records and tax returns (if Defendants claim that their revenues were lower than $500,000 per year).

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on **4/26/22** . In addition, on **4/26/22**, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on **July 29, 2021** . In addition, on **July 29, 2021**, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

---

[1] The prevailing minimum wage in miscellaneous industries for 2015 – 2020 were as follows:  $8.75 in 2015, $9.00 in 2016, $11.00 in 2017, $13.00 in 2018, $15.00 in 2019 and $15.00 in 2020. *See* 12 NYCRR § 142-2.1 (a).

    a.    All fact discovery must be completed by **10/31/2022**.

    b.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

        i.    <u>Depositions</u>: Depositions shall be completed by **10/17/22** and limited to no more than **3** depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

        ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before **5/26/22**. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

        iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before **9/16/2022**.

        iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on **5/26/22** and responses shall be due on **6/30/22**. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

        v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

    **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? <u>**Plaintiff will amend the complaint to add a claim of retaliation.**</u>

      b.      Last date to amend the Complaint: **5/26/22**

8.      **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by _____n/a_____.

9.      **Electronic Discovery and Preservation of Documents and Information**

      a.      Have the parties discussed electronic discovery? _n/a_____

      b.      Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? _____

      c.      Are there issues the parties would like to address concerning the preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

10.      **Anticipated Motions**

      Summary Judgment

11.      **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than _n/a_____. The following information is needed before settlement can be discussed:

12. **Trial**

   a. The parties anticipate that this case will be ready for trial by  12/31/22 .

   b. The parties anticipate that the trial of this case will require  2  days.

   c. The parties do/**do not** (circle one) consent to a trial before a Magistrate Judge at this time.

   d. The parties request a jury/**bench** (circle one) trial.

13. **Other Matters**

Respectfully submitted this _____ day of _____ .

ATTORNEYS FOR PLAINTIFF(S):

_____

ATTORNEYS FOR DEFENDANT(S):

_____