RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
| | | |
|---|---|---|
| Martin Rosado Rivas, | : | **SECOND AMENDED** |
| | : | **COMPLAINT** |
| Plaintiff, | : | |
| | : | **21-CV-04316 (ALC)** |
| -against- | : | |
| | : | |
| BX PARKING LLC, | : | |
| Shree Deshmukh, as an individual, | : | |
| Yantzi D. Adames, as an individual | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------------X

Plaintiff MARTIN ROSADO RIVAS, ("plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, BX PARKING LLC, SHREE DESHMUKH, and YANTZI D. ADAMES, jointly and severally (collectively referred herein as "Defendants") allege:

**NATURE OF THE ACTION**

1. This action seeks to recover unpaid minimum wages, overtime pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff and for Defendants' retaliatory termination of Plaintiff, in violation of the FLSA and NYLL.

## JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the defendants are located in the Southern District of New York and the cause of action arose there.

## FACTS

**Plaintiff**

6. Defendants employed plaintiff from 2010 through March 2020.

7. Plaintiff's duties were to park cars.

8. Plaintiff was not an exempt employee under the FLSA.

9. Plaintiff was not an exempt employee under the NYLL.

10. Plaintiff was not paid a sufficient amount to be exempt under the FLSA or NYLL.

11. Starting in 2015, Defendants employed Plaintiff 11 hours a day, seven days per week, for approximately 77 hours per week.

12. Plaintiff worked from approximately 11:00pm to 10:00am, seven days per week, without an uninterrupted half hour for lunch.

13. Defendants paid plaintiff approximately $560 per week for the years 2015, 2016, and 2017, and approximately $700 per week in 2018, 2019, and 2020.

14. Defendants did not pay plaintiff minimum wage or premium overtime pay at the rate of time and one half of the regular hourly pay for hours worked in excess of 40 hours per week.

15. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

16. Defendant **BX PARKING LLC** is a New York limited liability company with its principal executive office located at **616 Courtlandt Ave., Bronx, NY 10451 in the Southern District of New York**.

17. Defendant **BX PARKING LLC** is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including computers, telephones, chairs, pads, pens, and paper, and (2) an annual gross volume of revenues in excess of $500,000.

18. Defendant **BX PARKING LLC** is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

19. At all relevant times, **BX PARKING LLC** has maintained control, oversight, and direction over plaintiff.

20. Defendant **Yantzi D. Adames** is an owner and/or officer of **BX PARKING LLC.** He exercises sufficient control over **BX PARKING LLC's** operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at **BX PARKING LLC**.

21. Defendant **Shree Deshmukh** is an owner and/or officer of **BX PARKING LLC.** He exercises sufficient control over **BX PARKING LLC's** operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at **BX PARKING LLC**.

22. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

**DEFENDANTS' FAILURE TO PAY MINIMUM WAGES**

23. Defendants suffered or permitted plaintiff to work and did not compensate plaintiff at the minimum wage required under New York State Law.

**DEFENDANTS' FAILURE TO PAY OVERTIME PAY**

24. Defendants suffered or permitted plaintiff to work over 40 hours per week.

During regular workweeks, Defendants did not compensate plaintiff for premium overtime pay at time and one-half the full wage rate for the overtime hours worked.

### DEFENDANTS' VIOLATIONS OF THE
### WAGE THEFT PREVENTION ACT

25. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

26. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

27. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

28. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

### SPREAD OF HOURS' PAY

29. Pursuant to of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Defendants were required to pay Plaintiff an extra hour of pay at the basic minimum hourly wage for each day that Plaintiff's spread of hours worked exceeded 10 hours per day.

30. Defendants did not pay Plaintiff his spread of hours' pay.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages)

31. Plaintiff reallege, and incorporate by reference, all allegations as though previously set forth herein.

32. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

33. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

34. Defendants have failed to pay plaintiff minimum wages to which he is entitled under the FLSA.

35. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were, or should have been, aware of the fact that the practices described in this Complaint were unlawful.

36. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

37. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

38. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be

determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wages)

39. Plaintiff realleges, and incorporates by reference, all allegations as though previously set forth herein.

40. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

41. At all times relevant, plaintiff has been an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

42. Defendants have failed to pay plaintiff the minimum wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

43. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

44. Due to Defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
## (FLSA – Overtime)

45. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

46. Defendants have failed to pay plaintiff premium overtime wages to which he is entitled under the FLSA at the rate of time and one-half for all hours worked in excess of 40 hours per week.

47. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware of, the fact that the practices described in this Complaint were unlawful.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

49. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

50. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## FOURTH CAUSE OF ACTION
## (NYLL – Overtime)

51. Plaintiff realleges, and incorporates by reference, all allegations in all preceding

paragraphs.

52. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

53. Defendants have failed to pay plaintiff premium overtime wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

54. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

55. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

56. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

57. Defendants have willfully failed to supply plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of

pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

58. Through their knowing or intentional failure to provide plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

59. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**SIXTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

60. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

61. Defendants have willfully failed to supply plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

62. Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

63. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### SEVENTH CAUSE OF ACTION
### (Spread of Hours' Pay)

64. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

65. Defendants regularly and knowingly required Plaintiff to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

66. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

67. Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the

spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**(Retaliation)**

68. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

69. Defendants' counsel appeared on or about June 14, 2021.

70. Because Plaintiff sued Defendants, Defendant Yantzi D. Adames called Plaintiff and terminated him, telling Plaintiff to drop of the keys.

71. Defendants terminated Plaintiff in retaliation for his engagement in protected activity, in violation of §215 of the FLSA, causing economic and non-economic damage to Plaintiff.

**NINTH CAUSE OF ACTION**
**(Retaliation – NYLL)**

72. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

73. Because Plaintiff sued Defendants, Defendant Yantzi D. Adames called Plaintiff and terminated him, telling Plaintiff to drop of the keys.

74. Defendants terminated Plaintiff in retaliation for his engagement in protected activity, in violation of §215 of the NYLL, causing economic and non-economic damage to

Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage and overtime pay set forth in the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage and overtime pay and spread of hours' pay provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevent Act;

d. declaring that defendants' violations of the FLSA were willful;

e. declaring that defendants' violations of the NYLL were willful;

f. awarding plaintiff damages for all unpaid wages;

g. awarding plaintiff damages for unpaid spread of hours' pay;

h. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages and spread of hours found to be due, pursuant to the FLSA and the NYLL;

i. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j. awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

k. awarding Plaintiff backpay, frontpay, compensatory and punitive damages, as well as counsel fees, costs, and disbursements, for Defendants' unlawful, retaliatory

termination of Plaintiff, in violation of the FLSA and NYLL;

l.  issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

m.  awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

n.  granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

o.  awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

p.  awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         May 9, 2022

                                        RAYMOND NARDO, P.C.

                                By:     _____
                                        RAYMOND NARDO, ESQ.
                                        129 Third St
                                        Mineola, NY 11501
                                        (516) 248-2121
                                        Nardo@Raynardo.com
                                        *Counsel for Plaintiff*